█ In the Matter of ISAAC F., a Person Alleged to be a Juvenile Delinquent, Appellant.— Order, Family Court, Bronx County, entered December 18, 1973, adjudicating appellant a juvenile delinquent and placing him with the New York State Division for Youth, following a fact-finding hearing held November 13, 1973, wherein it was found that appellant had committed acts which if done by an adult would constitute the crimes of rape, robbery, burglary, possession of a dangerous weapon and menacing, unanimously modified, on the law, without costs and without disbursements, to reduce the finding of rape to one of assault and to dismiss the finding of possession of a weapon and as so modified, the order is affirmed. Order, Family Court, Bronx County, entered December 18, 1973, adjudicating appellant a juvenile delinquent and placing him with the New York State Division for Youth, following a fact-finding hearing held December 6, 1973, wherein it was found, upon appellant's admission, that he had committed acts constituting possession of a dangerous weapon and menacing, unanimously affirmed, without costs and without disbursements. It is properly conceded that the corroboration requirement of section 130.15 of the Penal Law (see L. 1974, ch. 14, § 1 repealing such requirement) was not satisfied and accordingly, the finding of rape may not

be sustained. However, subdivision 5 of section 130.15 of the Penal Law provides in effect, that corroboration is not necessary for acts committed during the course of, and relating to the sex offense, if such acts constitute a violation of another section of the Penal Law (see McKinney's Cons. Laws of N. Y., Book 39, Penal Law, § 130.15, Supplementary Practice Commentary, 1973–1974 pocket part, p. 166). Since the evidence overwhelmingly supports a finding that appellant committed an act constituting assault (Penal Law, § 120.05, subd. 1), the finding of rape is modified to one of assault (CPL 470.15, subd. 2, par. [a]). Additionally, there was insufficient evidence to support the finding that appellant possessed a knife. It was not shown that he either possessed such instrument or exercised dominion and control over it. (Penal Law, § 10.00, subd. 8.) And similarly, it was not shown that appellant, with the requisite mental culpability, solicited, requested, commanded, importuned or intentionally aided another in the possession of the knife (Penal Law, § 20.00). Concur — Markewich, J. P., Kupferman, Murphy, Steuer and Tilzer, JJ.